UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOHN ALBERT WEILER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  2:24-CV-178-TAV-CRW |
| SULLIVAN COUNTY JAIL, SULLIVAN COUNTY JAIL MEDICAL STAFF, SULLIVAN COUNTY SHERIFF, and NURSE SHERRILL, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, an inmate of the Sullivan County Jail, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], his inmate financial documents [Doc. 6], and a letter that the Court construes as a supplement to his complaint [Doc. 7]. The Court will address Plaintiff's motion [Doc. 1] before screening his complaint [Doc. 2] and the supplement [Doc. 7].

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As Plaintiff cannot pay the filing fee in one lump sum, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A)

and(B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.  This memorandum opinion shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief.  *Id.* at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim.  *Twombly*, 550 U.S. at 570.  However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.  **Allegations**

In his complaint, Plaintiff states that although the Sullivan County Jail has a grievance procedure, he did not file a grievance regarding the claim(s) in his complaint because "[he] did not know this was something to write a grievance about" [Doc. 2, p. 2]. Also, in the substantive portion of his complaint, Plaintiff states that "[t]hey have denied me medical attention. I have medical records[] that show I need surgery from South Carolina Dept. of Corrections" [*Id.* at 3]. Plaintiff names the Medical Staff, Head Nurse Sherrill, and the Sheriff of Blount County as Defendants [*Id.* at 1, 3]. As relief, Plaintiff seeks surgery on his shoulder and hernia, to have his South Carolina Department of Corrections medical records, and monetary damages [*Id.* at 4].

In the letter the Court construes as a supplement to his complaint, Plaintiff first states that Defendant Head Nurse Sherrill will likely be a witness in this action, rather than a Defendant, as she told him before he saw the doctor that the doctor would not do anything to help him with his issues [Doc. 7, p. 1]. Plaintiff also states that, after he filed this lawsuit, he put in a sick call request because his medication was no longer working and he was having pain in his hernia and shoulder [*Id.*]. He saw the doctor nine days later, at which point Defendant Nurse Sherill stated that she assumed that he was there for medications, and Plaintiff responded that she could keep the medications if he could receive surgery, which she told him would not happen [*Id.*]. Defendant Nurse Sherrill then increased the dosage of one of his medications and provided him a stool softener [*Id.*].

According to Plaintiff, a doctor in the South Carolina Department of Corrections told him he had a hernia prior to him coming to Sullivan County Jail [*Id.*]. Defendant Nurse Sherrill told him he was lucky he brought his hernia medications from South Carolina, as he would not receive those from the doctor at the Sullivan County Jail, which Plaintiff states is correct because "they" do not care if he is in pain due to his hernia [*Id.* at 1–2]. Plaintiff also states that after he filed a grievance, jail providers told him that they received his South Carolina Department of Corrections medical records, and these records do not say anything about a hernia [*Id.* at 2]. Plaintiff questioned why he was receiving hernia medication, and the doctor quickly let him know that they were not going to do anything about it [*Id.*]. Plaintiff also states that he has been sleeping on the floor since his arrival in the Sullivan County Jail because the cell he is in has 38–41 people in a 28-person cell [*Id.* at 2].

### C. Analysis

#### 1. Failure to Exhaust

As it is apparent from the face of his complaint that Plaintiff failed to exhaust his available administrative remedies for his claims prior to filing his complaint in this action, his claims are subject to dismissal on this ground. While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty., Kentucky*, No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative

4

remedies) (citing *Bock*, 549 U.S. at 215, and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

It is apparent from the face of Plaintiff's complaint that the Sullivan County Jail has a grievance procedure that Plaintiff did not utilize prior to filing that complaint. While Plaintiff states that he did not file a grievance regarding his claims prior to filing his complaint because he did not know that he could file a grievance about these issues, Plaintiff's lack of knowledge about the availability of the grievance procedure does not excuse his failure to file a grievance before filing this action. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (providing that "exhaustion is required even if the prisoner subjectively believes the remedy is not available, . . . . and even where (the prisoners) believe the procedure to be ineffectual or futile. . . .") (internal citations and citations omitted); *Woodford*, 548 U.S. at 95 (stating that an effective exhaustion requirement must be strict, otherwise "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply"). And while Plaintiff states in his supplement that he filed a grievance regarding his hernia claim [*Id.*], it appears that Plaintiff filed this grievance after he had filed his complaint in this lawsuit, and the Sixth Circuit has found that a plaintiff cannot exhaust his administrative remedies after filing a complaint. *Johnson v. Burt*, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023) ("Exhaustion may not be completed after filing a complaint.") (citations omitted). As such, this action is subject to dismissal on this ground. *Barnett*, 2017 WL at *1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced").

But even if Plaintiff's complaint filings were not subject to dismissal for failure to exhaust, the Court would still dismiss them for failure to state a claim upon which relief may be granted under § 1983 as to any named Defendant based on the reasons the Court will now set forth.

### 2. Official Capacity Claims

To the extent that Plaintiff has sued any Defendant in his or her official capacity, he has actually sued Sullivan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity). However, Plaintiff's complaint and supplement do not suggest that a custom or policy of Sullivan County caused any violation of his constitutional rights, such that he could state a plausible § 1983 claim against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, the complaint and supplement fail to state a claim upon which relief may be granted under § 1983 as to any Defendant in his or her official capacity.

### 3. Nurse Sherrill

To the extent that Plaintiff still seeks to sue Defendant Nurse Sherrill in her individual capacity despite stating in his supplement that she is likely just a witness, rather than a Defendant, in this action, Plaintiff's complaint and supplement fail to state a claim upon which relief may be granted under § 1983 as to this Defendant. Plaintiff's substantive allegations as to Defendant Nurse Sherrill are as follows (1) after he told her that he would prefer surgery to medications when he went to see the doctor, she told him that surgery would not happen; (2) she adjusted a medication dosage and provided him a stool softener after he saw the doctor; and (3) she told him he was lucky he brought his hernia medications from South Carolina, as he would not have received those from the doctor at the Sullivan County Jail [Doc. 7 p. 1–2].

However, it is apparent from the totality of Plaintiff's filings that (1) the doctor,[1] rather than Defendant Nurse Sherrill, ultimately determined what medical treatment Plaintiff received; (2) Plaintiff still received his hernia medications in the Sullivan County Jail; and (3) Defendant Nurse Sherill's statements that Plaintiff would not receive surgery and would not have received hernia medication if he had not brought it with him were predictions about what medical care the doctor would approve for Plaintiff, rather than her personal medical decisions regarding his treatment. In other words, Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Nurse Sherrill was personally responsible for any of the medical decisions for which Plaintiff seeks § 1983 relief herein, and the complaint and letter supplement therefore fail to state a claim upon which relief under § 1983 may be granted as to her. *Iqbal*, 556 U.S. at 676 (providing that a plaintiff must plead that the particular defendant, through his or her own actions, has violated the Constitution); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Accordingly, Plaintiff's filings fail to state a claim upon which relief may be granted under § 1983 as to Defendant Nurse Sherrill.

### 4. Medical Staff

While Plaintiff has named the Sullivan County Medical Staff as a Defendant in this action, this is not an entity subject to suit under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350,

---

[1] Plaintiff does not name the doctor as a Defendant in this action, nor does he provide the doctor's name. Accordingly, Plaintiff has failed to commence a civil action against the doctor. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictious party such as an unknown John Doe.") (citation omitted); *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (providing that "until an amendment adding additional defendants has been permitted by the court," allegations against unknown defendants "are merely 'surplusage[.]'") (citation omitted).

7

355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence"). Accordingly, Plaintiff's filings fail to state a claim upon which relief may be granted under § 1983 as to this Defendant.

5. **Sheriff of Sullivan County**

While Plaintiff has sued the Sheriff of Sullivan County, Plaintiff does not set forth facts suggesting that this Defendant was personally involved in any incident in the complaint, and this Defendant cannot be liable under § 1983 for the actions of others based solely on his supervisory position. *Frazier*, 41 F. App'x at 764; *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Accordingly, Plaintiff's filings fail to state a claim upon which relief may be granted under § 1983 as to this Defendant.

6. **Floor Claim**

Plaintiff does not set forth any facts from which the Court can plausibly infer that any Defendant is responsible for him sleeping on the floor due to his cell housing more inmates than it is supposed to house. As such, these allegations fail to state a plausible claim for violation of § 1983 as to any named Defendant. *Frazier*, 41 F. App'x at 764. Nevertheless, the Court also notes that these allegations fail to rise to the level of a constitutional violation. *Rishton v. Sullivan Cnty. Sheriff's Dep't*, No. 2:07-CV-78, 2010 WL 1257989, at *3 (E.D. Tenn. Mar. 25, 2010) ("A prisoner has no right to sleep on an elevated bed") (internal citations omitted); *Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981) (finding that overcrowding alone is not a constitutional violation); *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012).

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge